IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nanotronics Imaging, LLC | ) | |
| 2251 Front Street, Suite 110 | ) | Case No.: |
| Cuyahoga Falls, Ohio 44221 | ) | |
| | ) | |
|     Plaintiff | ) | |
| v. | ) | |
| | ) | |
| Nanotronics Corporation | ) | |
| P.O. Box 611821 | ) | |
| San Jose, CA  95161 | ) | |
| c/o Business Filings Incorporated | ) | |
| 1232 Q Street, 1st Floor | ) | |
| Sacramento, CA 95811 | ) | |
| | ) | |
|     Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Now comes Plaintiff, Nanotronics Imaging, LLC ("Plaintiff"), and, in support of its Complaint for Declaratory Judgment against Nanotronics Corporation ("Defendant"), provides the following information:

**Preliminary Statement:**

This is an action seeking a declaration that Plaintiff's use of the Federally registered trademark NANOTRONICS (Reg. No. 3,616,666), which is used in connection with its highly specialized high resolution microscopes, does not infringe any rights of Defendant. Plaintiff's claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Lanham Act, 15 U.S.C.§ 1051, *et sec*. and State Statutory and Common Law.  Defendant has asserted that Plaintiff's use of the aforementioned Federally registered NANOTRONICS trademark is likely to cause consumer confusion.  Defendant has asserted violations of the Federal Lanham Act, State Law and Common Law.  Defendant has demanded that Plaintiff cease further use of the

1

mark, account for such use, and pay Defendant damages incident thereto. As a result, a declaratory ruling is necessary to clarify Plaintiff's rights in the aforementioned NANOTRONICS trademark in connection with its specialized microscopes and other business practices.

## PARTIES

1. Plaintiff is a Delaware limited liability company, registered in Ohio, with its principal place of business at 2251 Front Street, Suite 110, Cuyahoga Falls, Ohio 44221.

2. On information and belief, Defendant is a California corporation, with a principal place of business in San Jose, California.

## JURISDICATION AND VENUE

3. This action arises and is brought under the Declaratory Judgment Act and the Lanham Act, and State Statutory and Common Law.

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 2201-2202.

5. This Court possesses personal jurisdiction over Defendant because it regularly and continuously transacts business in the State of Ohio, particularly offering products over the internet for purchase by Ohio residents.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendant conducts business in this district, and regularly and continuously transacts business within the State of Ohio, particularly by offering products over the internet for purchase by Ohio residents.

## STATEMENT OF FACTS

### Plaintiff's NANOTRONICS Trademark

7.  Plaintiff's business was founded in 2007 in order to provide microscopic and nanoscopic scale imaging technology to those industries in need of such specialized imaging devices.

8.  Plaintiff company is the exclusive licensee of the NANOTRONICS mark, owned by Matthew C. Putman, herein Licensor, an owner and CEO of Plaintiff.

9.  Prior to the formation of Plaintiff company, Licensor decided to adopt NANOTRONICS as a trademark for the goods intended to be produced, i.e., microscopic and nanoscopic scale imaging devices.

10. Because Plaintiff's goods are highly specialized, it was appreciated that the time between the conception of Plaintiff company and interstate use of NANOTRONICS would be significant, and therefore Licensor availed itself of the "intent-to-use" trademark filing basis when filing for NANOTRONICS.

11. Licensor filed a Federal Intent-to-Use trademark application on June 19, 2007, for NANOTRONICS for "high resolution microscopes for viewing micro and nanoscale features of an object."

12. The U.S. Trademark Office found Licensor's NANOTRONICS mark to be registrable, and provided a Notice of Allowance on February 19, 2008.

13. Notably, the U.S. Patent and Trademark Office (herein USPTO) did not cite any trademarks to refuse registration of the Licensor's NANOTRONICS mark on the basis of likelihood of confusion.

14. Because the application was an Intent-to-Use application, Licensor, provided evidence of interstate commerce use of NANOTRONICS by the exclusive licensee (i.e. Plaintiff) in a Statement of Use filed February 19, 2009.

15. The USPTO issued a formal registration certificate for NANOTRONICS on May 5, 2009, Reg. No. 3,616,666.

16. Plaintiff has currently sold 3 of the high resolution microscopes under the NANOTRONICS trademark and currently has prospects for the production and sale of about 10 more microscopes.

17. The high resolution microscopes sold under the NANOTRONICS trademark are highly specialized, custom made products tailored to a given consumer's micro and nanoscale imaging needs.

18. The microscopes sold under the NANOTRONICS trademark are a niche product, are custom made, easily costing seventy-five thousand dollars ($75,000.00) or more per microscope.

19. Plaintiff has never encountered an instance of confusion wherein a customer desirous of obtaining a product offered by Defendant contacted Plaintiff.

### Defendant's Mark And Its Claims It Will Be Damaged By Plaintiff's Use Of Plaintiff's Federally Registered NANOTRONICS Mark

20. Upon information and belief, Defendant operates an internet-based business, with no "lock-and-key" business corresponding thereto.

21. Plaintiff has registered a stylized version of NANOTRONICS, U.S. Trademark Reg. No. 4,010,738. The stylized mark is registered for "personal computers."

22.     Upon information and belief, Defendant employs the stylized NANOTRONICS mark on only one personal-computer type product, namely an ADM Phenom II processor. This belief is based on a search for "NANOTRONICS" at Defendant's http://www.nanotronics.com website. This belief is also based on a viewing of all products offered by Defendant on Defendant's website, at the link "View All Products." It appears that the aforementioned ADM Phenom II processor is sold by Defendant as "Nanotronics NTX," but is identified as such only in a link to the actual product description, which is ADM Phenom II.

23.     Upon information and belief, Defendant actually uses its stylized NANOTRONICS mark to identify its online services in selling and offering for sale a myriad of personal computer-based products of other companies. Upon information and belief, Defendant's registration for NANOTRONICS is improperly registered, because it is not used by Defendant to identify the source.

24.     Upon information and belief, Defendant actually uses its mark as a service brand, identifying its services in providing the personal computer products of others, and therefore the Reg. No. 4,010,738 is improper and should be canceled.

25.     With respect to the stylized nature of Defendant's NANOTRONICS mark, it consists of the term "nanotronics," in green color, and formed into a circle, with the initial "n" beginning at about 10:00 o'clock, the term proceeding clockwise, with the "s" ending at approximately 9:00 o'clock. Defendant's and Licensor's marks are distinguishable in appearance.

26.     Defendant applied for Federal registration of its mark on May 22, 2007, less than one month before Licensor applied for its NANOTRONICS mark.

5

27. Despite the fact that Licensor's and Defendant's Federal trademark applications were co-pending in the USPTO, during the prosecution of the two applications Licensor's pending application was not cited against Defendant's pending application as likely to cause confusion, and Defendant's application was not cited against Licensor's application as likely to cause confusion.

28. The U.S. Trademark Office appreciated and concluded that confusion is not likely between Licensor's and Defendant's marks.

29. In an Office Action to Defendant dated September 5, 2007, the Trademark Office explicitly noted that "[t]he examining attorney has searched the Office Records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. § 1052(d)."  Again, Licensor's mark was co-pending and available in the office records searched by the examining attorney.

30. On or around August 22, 2011, Plaintiff received a cease and desist letter from James Chu, the Chief Executive Officer of Defendant, Nanotronics Corporation.

31. In the cease and desist letter, James Chu alleges that Plaintiff's use of NANOTRONICS infringes Defendant's NANOTRONICS mark.

32. Defendant alleges that actual confusion has occurred and that Plaintiff's continued use of the NANOTRONICS mark "will increasingly continue to cause a substantial likelihood of confusion with and substantial dilution of" Defendant's mark.

33. The cease and desist letter consistently refers to Defendant's "Marks," though no other mark is identified but for the Defendant's registered stylized NANOTRONICS mark.

34. Defendant has expressed concern that Plaintiff's use of NANOTRONICS constitutes bad faith.

35, Defendant has requested that Plaintiff withdraw, cancel and/or delete any corporate names, domain names, trademark applications and/or trademark registrations for or including NANOTRONICS.

36. Defendant has demanded an accounting of all profits derived from Plaintiff's use of NANOTRONICS.

37. Defendant has demanded that Plaintiff provide a "substantial payment" to Defendant as compensation for alleged damages.

38. Defendant has alleged that Plaintiff's use of NANOTRONICS will dilute Plaintiff's marks.

39. Under the circumstances, a controversy of sufficient immediacy exists with respect to Plaintiff's use of its federally registered NANOTRONICS mark to warrant the issuance of a declaratory judgment.

40. Therefore, there exists an actual and judicable controversy between Plaintiff and Defendant regarding whether Plaintiff is infringing the alleged trademark rights and/or dilution of the same.

41. Over the past several years, Plaintiff has made a substantial monetary investment and has developed significant goodwill in its NANOTRONICS mark. Plaintiff's right to use its trademark is now clouded as a result of Defendant's actions. Defendant's allegations will

continue to impede and interfere with Plaintiff's legitimate business interests and objectives, thereby constituting actual harm and injury to Plaintiff.

## CLAIM FOR RELIEF

### Declaratory Judgment of Non-Infringement

42. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

43. Plaintiff's use of its federally registered NANOTRONICS mark does not infringe any existing and valid trademark right of Defendant under the Lanham Act, State Law or Common Law.

44. Plaintiff's use of its NANOTRONICS mark does not dilute Defendant's mark or marks.

45. Registration No. 4,010,738 is invalid as failing to identify Defendant as a service or origin of personal computers and is, in fact, deceptive in that regard.

## PRAYER FOR RELIEF

In light of the foregoing, Plaintiff, Nanotronics Imaging, LLC, prays for judgment in its favor and against Defendant, Nanotronics Corporation as follows:

(a) that the Court declare that Nanotronics Imaging, LLC's use of the federally registered NANOTRONICS mark does not infringe any existing and valid trademark right of Nanotronics Corporation under the Lanham Act or laws of Ohio;

(b) that the Court declares that Nanotronics Imaging, LLC's use of the federally registered NANOTRONICS mark does not dilute any trademark rights or trademarks of Nanotronics Corporation;

(c) That the Court find Registration No. 4,010,738 to be invalid and order that such registration be stricken.

(d)  That the Court order that Defendant, its directors, officers, employees, servants, attorneys, agents, representatives, distributors, licensees, and all persons in active concert or participation with them be joined and restrained permanently from interfering with Plaintiff's use and Licensor's registration of the NANOTRONICS mark, including in Plaintiff's domain name, and from opposing, seeking to cancel, or otherwise objecting to any federal registration applications to the NANOTRONICS trademark or any of Plaintiff's domain names that might include the word "nanotronics;"

(e)  that Plaintiff be awarded its reasonable attorneys' fees and costs; and

(f)  for such other and further relief as the Court deems appropriate.

## JURY DEMAND

A trial by jury of the maximum number of jurors allowed by law is hereby demanded.

By: /s:/Ray L. Weber
Ray L. Weber  (0006497)
rlweber@rennerkenner.com
Mark L. Weber (0072078)
mlweber@ rennerkenner.com
Laura J. Gentilcore  (0034702)
ljgentilcore@rennerkenner.com
Renner, Kenner, Greive, Bobak, Taylor & Weber
106 S. Main St., Suite 400
Akron, OH 44308
Telephone: (330) 376-1242
Facsimile: (330) 376-9646


Attorneys  for Nanotronics Imaging, LLC